UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACADEMY, LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-2043 |
| | § | |
| A&J MANUFACTURING, LLC, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & TRANSFER ORDER**

Pending before the court is defendants A&J Manufacturing, Inc. and A&J Manufacturing, LLC's (together, "A&J") motion to dismiss, or in the alternative, motion to transfer venue. Dkt. 10. After considering the complaint, the briefing, the pending case in the Southern District of Georgia, and the applicable law, the court denies the motion to dismiss and grants the motion to transfer. Dkt. 10.

**I. BACKGROUND**

Academy and A&J are involved in a dispute about whether Academy is selling grills that violate three of A&J's patents. On August 21, 2013, A&J filed suit against Academy and the grill manufacturer for infringement of three patents (the '646, '712 and '773) in United States District Court for the Southern District of Georgia (the "Georgia litigation"). *A&J Mfg., LLC, et al., v. Academy, Ltd.*, No. CV 213-113 (S.D. Ga.). Dkt. 10-2 at 3. At the same time, A&J filed a complaint against several respondents, including Academy, with the International Trade Commission ("ITC") to investigate the '712 patent.[1] Dkt. 10-3 at 2. Pursuant to 28 U.S.C. § 1659(a),[2] A&J

---

[1] The complaint to the ITC alleged various violations of the '646, '712 and '773 patents. Dkt. 10-3 at 14. However, Academy claims in its response that A&J voluntarily withdrew 2 of the 3 patents from the ITC investigation. Dkt. 12 at 6. A&J doesn't dispute this in its reply, and the ITC determination submitted by A&J only addresses the '712

moved to stay the Georgia litigation pending a final determination by the ITC. Dkt. 10-6. Academy initiated the stay by asking A&J to file the unopposed motion to stay the case. *Id.*; Dkt. 10-5. The court granted the stay pending final resolution of the action before the ITC. Dkt. 10-7.

Academy filed a complaint for declaratory judgment against A&J on July 17, 2014 in this court. Dkt. 1. Academy seeks a determination of whether the '646, '712 and '773 patents are valid or enforceable, and a determination of whether the redesigned version of Academy's grills infringe the three patents. Dkt. 1 at 2. A&J responded by filing this motion to dismiss, or in the alternative, motion to transfer venue. Dkt. 10. A&J argues that the court does not have subject matter jurisdiction to hear this case because an actual controversy does not exist, due to the stay in the Georgia litigation, which covers the same patents and issues involved in the pending case. Dkt. 10 at 8. Further, A&J argues that if the case is not dismissed it should be transferred to the Southern District of Georgia for the convenience of the parties and in the interests of justice. *Id.* at 9. Academy responds that the stay in the Georgia litigation does not preclude jurisdiction in the present case, because the present claim focuses on the redesigned grills, not the older grills covered in the stay. Dkt. 12 at 2–4. Further, Academy disputes that the stay in the Georgia litigation impacts the ripeness of the current litigation regarding the redesigned grills. *Id.* at 4. Since the filing of the

---

patent. Dkt. 16-2 at 13.

[2] The provision states:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, **proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission**, but only if such request is made within--(1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a) (emphasis added).

2

motion to dismiss (Dkt. 10) and related briefing, A&J has notified the court that the ITC had made an initial determination in the case that should be finalized by January 26, 2015, at which point A&J would move to lift the stay in the Georgia litigation. Dkt. 16. The motion is ripe for discussion.

## II. LAW

### A. *12(b)1 Motion to Dismiss for Lack of Jurisdiction*

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Parties may use this rule to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. U.S.*, 284 F.3d 158, 161 (5th Cir. 2001). The burden of proof in such a challenge is on the party asserting jurisdiction. *Id.* "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* "A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders*, 143 F.3d at 1010.

### B. *Declaratory Judgment Act*

Under the Declaratory Judgment Act ("DJA"), "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not relief is or could be sought." 28 U.S.C. § 2201(a). The DJA requires an "'actual controversy' between the parties to the declaratory judgment action," that was present at the time the compliant was filed. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). Courts must ask "whether the facts alleged, under all the circumstances, show that there is a substantial controversy,

between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764 (2007). Courts must "require a definite and concrete dispute, remembering the prohibition against an opinion advising what the law would be upon a hypothetical set of facts." *Vantage*, 567 F.3d at 748 (internal quotations removed). Further, the declaratory plaintiff must show "present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *Id.*

### C. *Change of Venue*

A court may transfer a civil action to another district or division where it might have been brought, if for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). First, the court must decide if the suit could have been brought in the division to which transfer is sought, pursuant to the venue rules in 28 U.S.C. § 1391(b). Then the court must decide whether transfer is warranted "[f]or the convenience of parties," and whether transfer is in the "interest of justice." § 1404(a). This determination requires the court to weigh a number of private and public interest factors. *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008). The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *See id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252 (1981)). The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.* Of these factors, none has dispositive weight, and "they are not necessarily

4

exhaustive or exclusive." *Id.* The United States Supreme Court has also explained that the transfer statute, § 1404(a), was designed to save time, energy and money in situations where two cases involving the same issues are simultaneously pending in different District Courts. *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26, 80 S. Ct 1470 (1960).

### III. ANALYSIS

#### A. Motion to Dismiss

Because jurisdiction is a threshold question, the court first considers A&J's arguments regarding a lack of subject matter jurisdiction. A&J argues that "under all the circumstances, there is not currently an actual controversy regarding Academy's redesigned grill." Dkt. 10 at 8. A&J explains that it filed a suit for patent infringement against Academy in the Georgia litigation regarding three of Academy's grills, and because there is a stay in the suit, A&J cannot amend its claims to include the redesigned grills. *Id.* Therefore, A&J claims that "infringement allegations regarding the Redesign[ed] Grills are not yet ripe in the Georgia [litigation], and an actual controversy does not exist." *Id.* at 9. Academy responds that the question of whether the redesigned grills violate the patents is a separate issue, not impacted by the stay. Dkt. 12 at 4. Further, Academy argues that the status of another case being stayed due to an ITC investigation, and therefore not being "ripe," does not preclude subject matter jurisdiction in this case.

In terms of whether there is an actual controversy, the court finds that Academy has pled sufficient facts to show that there is a "definite and concrete dispute." *Vantage*, 567 F.3d at 748. Academy provides an affidavit from its buyer stating that A&J's owner told him that the redesigned grills infringe A&J's patents. Dkt. 12-1. Moreover, A&J told the court that it intends to bring suit against Academy for the redesigned grills. Dkt. 10 at 12 ("Once the stay in Georgia is lifted and A&J can amend its complaint to add the redesigned grills, it will do so."). Based on the pleadings

5

there appears to be an actual controversy between the parties as to whether the redesigned grills violate A&J's patents.

Further, A&J only cites to the text of 28 U.S.C. § 1659(a), and the motion to stay the proceedings in Dkt. 10, to support its argument that there is no actual controversy. Section 1659(a) stays "proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659(a). Academy explains that the "redesigned grill products are not part of the ITC Investigation," and therefore not subject to the stay. Dkt. 12 at 8. The court need not determine whether the stay was violated or not at this point because there appears to be an actual controversy regarding the redesigned grills that provides subject matter jurisdiction.[3] Therefore the motion to dismiss (Dkt. 10) is denied.

### B. Transfer Venue

The parties do not dispute that this case could have been brought in the Southern District of Georgia. However, whether the transfer is convenient to the parties or in the interest of justice is disputed and the court must weigh the public and private factors and determine whether transfer is warranted "[f]or the convenience of parties," and whether transfer is in the "interest of justice." § 1404(a).

The court has considered the parties' arguments and the public and private factors, and finds that they ultimately weigh in favor of transferring the case to the Southern District of Georgia, where the Georgia litigation is pending. The similarities amongst the cases, in that they deal with the validity of the same patents, and infringement of the same patents by a similar, though redesigned product, is significant. If the Southern District of Georgia is determining the validity of the same

---

[3] Because the court finds subject matter jurisdiction in this case regardless of the stay, and also determines in Section III.B that the case should be transferred to the Southern District of Georgia where the stay in the Georgia litigation originated, the court leaves any determination as to whether the stay was violated to the transferee court.

6

patents, as well as whether the older grills infringe the patents, it will be more efficient for the court system if the same court determines whether the redesigned grills violate those same three patents. *Continental*, 364 U.S. at 26. Further, having just one court determine whether the three patents are valid and enforceable, as well as how the old and new versions of the grills fare under the patents, will help eliminate conflicting decisions about the same patents. *See Encyclopedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F. Supp. 2d 1169, 1177 (W.D. Wis.) ("if this case is not transferred and consolidated there is the risk that the same patents will be interpreted differently creating inconsistent claim construction rulings, piecemeal litigation and inconsistent judgment."). Therefore, the motion to transfer (Dkt. 10) is granted.

## IV. Conclusion

Defendant A&J's motion to dismiss (Dkt. 10) is **DENIED,** and its motion to transfer (Dkt. 10) is **GRANTED**. It is hereby **ORDERED** that this case shall be transferred to the Southern District of Georgia.

Signed at Houston, Texas on November 25, 2014.

_____
Gray H. Miller
United States District Judge